

**PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

*FILED*

DEC 1 2 2017

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

---

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

**Marvin Alphanso James**                    Case No. F-2016-3; CF-2014-6469
                                             Prisoner No. #729270

       **Petitioner,**

v.                                            **17 CV  668 CVE - FHM**

**Janet Dowling, Warden**
**The Attorney General of the State of Oklahoma,**
       **Respondent.**

Place of confinement:

**R.B. "Dick" Conner Correctional Center**
**129 Conner Road**
**Hominy, Oklahoma 74035**

---

## PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging: in the district court in and for Tulsa county state of Oklahoma.

    (b) Criminal docket or Case No.: CF-2014-6469

2.    (a) Date of the judgment of conviction: November , 4 , 2015

    (b) Date of sentencing: December 21, 2015

3.    Length of sentence: 3 years

4.    In this case, were you convicted of more than one count or of more than one crime?

        Yes ☒       No ☐

✓ Mail    — No Cert Svc    — No Orig Sign
— C/J    — C/MJ    — C/Ret'd    — No Env
— No Cpys    ✓ No Env/Cpys    — O/J    — O/MJ

5.    Identify all crimes of which you were convicted and sentenced in this case: count1 lewd or indecent proposal to a child under 16 in violation of 21 O.S. Supp.2013, §1123, count 2 resisting an officer in violation of 21 O.S.2011, §268.

6.    (a) What was your plea?  (Check one)

☒ (1) Not Guilty          ☐ (3) *Nolo contendere* (no contest)

☐ (2) Guilty             ☐ (4) Insanity plea

(c) If you went to trial, what kind of trial did you have?  (Check one)

☒ Jury      ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes      ☐ No

8.    Did you appeal from the judgment of conviction?

☒ Yes      ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: Oklahoma Court of Criminal Appeals (OCCA)

(b) Docket or case number: F-2016-3

(c) Result: affirmed

(d) Date of result: December 20, 2016

(e) Citation to the case: F-2016-3

(f) Grounds raised:

I. Prosecutorial Misconduct in prejudicial statement in improperly invoking societal alarm;

II. *Brady* violation by the State in withholding background discovery in support of Sergeant Evans testimony regarding the reasons for the "sting" operation;

III. Ineffective Assistance of Trial Counsel in failure to request sentencing entrapment instructions;

IV. Petitioner improperly denied credit for time served in the county jail awaiting trial at the same time being denied bail;

V. Petitioner improperly subjected to illegal sentence enhancement under the 85% Rule scheme.

(g) Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes        ☒ No

10.    Other than direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

☐ Yes        ☒ No

11.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

The Oklahoma Court of Criminal Appeals (hereinafter "OCCA") ruled in contrary to clearly established Federal law in adjudication of Petitioner's <u>Prosecutorial Misconduct</u> claim for relief wherein the prosecutor's questioning regarding other juvenile prostitution cases in Tulsa amounted to an appeal to societal alarm which violated relevant provisions of the Oklahoma Evidence Code (and Federal Rules of Evidence) and *prejudiced* Petitioner, undermining his right to a fair trial under the Fourteenth Amendment to the United States Constitution, THEREFORE no deference should be given the OCCA's decision.

(a) Supporting facts:

Mr. James was denied a fair trial when the prosecutor's *prejudicial* statement testifying about child prostitutes "invites a societal alarm that this is a prevalent problem in Tulsa, that they are going to help solve it." (Vol. II, Tr. 274). Prosecutorial misconduct can "create constitutional error in one or two ways." *Mathews v. Workman*, 577 F.3d 1175, 1186 (10th Cir.2009). "[E]ven if the prosecutor's improper remarks do not impact a specific constitutional right, they may still create reversible error if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Mathews*, 577 F.3d at 1186 (quoting *Donnelly*, 416 U.S., at 643). To satisfy that test, a petitioner must demonstrate either persistent and pronounced misconduct or that the evidence was so insubstantial that absent the remarks, a conviction probably would not have occurred. *Thomas v. Cowley*, 1991 WL151773 at *9 (10th Cir.1991)(unpublished).

Without an *actual* victim in the case at bar, the prosecutor's statement invited *unfairness* in allowing the jury to *unreasonably* convict Mr. James *beyond a reasonable doubt*. Apparently, "in 2014, the Tulsa Police Department Vice Unit discovered they had a problem." (Vol. II, Tr. 262) (emphasis underlined). To this cause, "Sergeant Evans testified that prior to 2013, the police had only run across one juvenile female acting as a prostitute online. (Vol. II, Tr. 275)." (emphasis underlined). The "societal alarm" in this respect is the Tulsa Police Department "decided to change their tactics to not just go after the supply side...but to go after the demand side, to try to find the individuals who were either looking for or okay with seeking out an under-age prostitute." (Vol. II, Tr. 261-262) (internal quotations omitted). As a result of a "sting" operation wherein Detective Lansdown testified that "she put eighteen (18) as her age because the website would not let an individual who is under the age of eighteen (18) post an advertisement in the escort section," (Vol. II, Tr. 375) Mr. James was arrested.

4

The prejudice in the prosecutor raising "societal alarm" affected the jury ability to deliberate in requesting additional information pertaining to Mr. James' non-existent criminal background. Because the "sting" produced a victimless crime, and the fact that Mr. James was not arrested for the alleged act but "attempt" to carry out such an alleged act in violation of 21 O.S. §1123 (Count I), the jury is left with a no alternative to convict in light of the "text-message" evidence and the fact that Mr. James was also charged with Count II, Resisting an Officer (Misdemeanor) in violation of 21 O.S. §268. However, without any alternative, the jury deemed it fit to impose no incarceration and fine on Count II, and the statutory minimum of "not less than three (3) years imprisonment" for Count I.

Conclusion

Because the OCCA ruled in contrary to *Mathews v. Workman,* 577 F.3d 1175, 1186 (10th Cir.2009), where the suggestion that Mr. James comprise of a suspect class "dangerous and possibly armed," (Vol. II, Tr. 292) is substantially more prejudicial than probative, Petitioner was denied a fair trial. Petitioner's conviction, more likely than not, arose from the "societal alarm" statement introduced by the prosecutor. In the interest of justice, Mr. James prays this Court issue a writ of habeas corpus vacating Petitioner's state judgment and sentence.

**(c) Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☒ Yes        ☐ No

**GROUND TWO:**

The OCCA ruled in contrary to clearly established Federal law in adjudication of Petitioner's *Brady* violation claim wherein Defense counsel had not been provided with the background discovery in support of Sergeant Evans testimony regarding the reasons for the "sting" operation

in this case constituting a "discovery violation" violative of the Sixth and Fourteenth Amendment to the United States Constitution, THEREFORE no deference should be given the OCCA's decision.

(a) Supporting facts:

The OCCA ruled in contrary to Fed. Rules Evid. Rule 103, 28 U.S.C.A. in that, "[n]ormally, where no objection is made at trial to admissibility of evidence issue is not preserved on appeal unless there is plain error involved which affects substantial rights of party." *Whiteley v. OKC Corp.,* 719 FK.2d 1051 (C.A.10 (Okla.) 1983). As such, the prosecutor in the case at bar violated 22 O.S. 2011, §2002(E)(2) in failure to provide the information pursuant to defense counsel's discovery motion.

The OCCA relied on "plain error" analysis concluding that "James wholly fails to show how he was prejudiced by these alleged discovery omissions, or why the trial court should have *sua sponte* excluded the State's witness." OCCA No. F-2016-3 Summary Opinion, at 3-4. In contrary to federal law, "plain error" occurred because even though not a "contemporaneous objection," defense counsel, on Petitioner's behalf specifically stated, "this is not an objection, this is just to make a record that testimony from Sergeant Evans in the first part of this trial, the scope of that testimony was not fully apparent to Defense prior to the trial." Vol. II, Tr. 314. Whether, "this is not an objection[1]," can cure the allegation that "[Defense Counsel is] not suggesting that the district attorney violated some discovery code or discovery rule. That's not what I'm suggesting, nor am I asking some sort of objection on the record..." Vol. II, Tr. 319, is contrary to trial counsel's understanding that some violation had *de facto* occurred. Because this

---

[1] While not a "contemporaneous" objection, trial counsel's obvious confusion about the Tulsa Police Department's consistent use of "Bates-stamped" documents in its investigations should have been reviewed for "fundamental" error under the Confrontation Clause violations.

"non-objection" was noted for the record, the OCCA's plain error analysis did not consider reliance on "Bates-stamped" discovery material proffered by the prosecution as a means to introduce "material" evidence outside the scope of discovery, specifically the testimony of Sergeant Evans allegations into the necessity for the "sting operation" in revelation of "seven arrests" culminating from such sting operations, and alleging that Mr. James, as a suspect class determinative of the "sting operation," "are dangerous and possibly armed." Vol II, Tr. 292.

This is fundamental error, because the "sting operation" did not culminate with the arrest of Mr. James "with intent, in the act" instead, Petitioner "didn't even knock on the door" and changed his mind due to fear of the situation, that it may have been a set-up. Sergeant Evans' testimony is more "prejudicial than probative" because the testimony *inadvertently* without actual substantial evidence portrayed Mr. James as "the individuals who were either looking for or okay with seeking out an under-age prostitute." Vol. II, Tr. 262. Although, information about the "sting operation" revealed pertinent facts that "All Backpage ads require the person posting to verify that they are at least eighteen years-old." Furthermore, there is no indication on the advertisement manufactured by law enforcement in this case that the person posting was underage. Most notable is "the ad indicated that the woman was in fact 18." Although this information is belied by the "text messages" communicated between Petitioner and Detective Lansdown, wherein inference to the age of 15 is "constructed" by the Detective.

Because the only *actual* evidence is information about "other crimes," the "violent" nature of suspects purporting these alleged crimes, the need for the Tulsa Police Department to "circumvent" these crimes due to their *potential* rise and at the risk of "societal alarm," and Mr. James, without any previous criminal record, qualifies as such a suspect, *prejudiced* Petitioner's substantial right to a fair jury trial, because once the jury "heard" this discovery violation, the

7

jury could not disregard Petitioner's "proclivity" to commit the *erroneous* charge in violation of Okla.Stat. Title 21 Section 1123 instead of the *misdemeanor* crime of solicitation.

Conclusion

Because the OCCA ruled in contrary to the rules of evidence, no deference should be given its adjudication of Petitioner's claims under "plain error" analysis. In the interest of justice, Mr. James prays this Court issue a writ of habeas corpus vacating Petitioner's state judgment and sentence.

(c) **Direct Appeal of Ground Two:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?

         ☒ Yes       ☐ No

**GROUND THREE:**

The OCCA ruled in contrary to clearly established Federal law in adjudication of Petitioner's Ineffective Assistance of Counsel claim where in Defense counsel was ineffective in violation of the Sixth and Fourteenth Amendment to the United States Constitution for failing to request sentencing entrapment instructions, THEREFORE no deference should be given the OCCA's decision.

(a) Supporting facts:

      Ineffective Assistance of Counsel claims are a matter of federal jurisdiction and as such, no deference need by given the OCCA's limited application of *Strickland v. Washington,* 466 U.S. 668 (1984). The OCCA's ruling is in "contrary to clearly established Federal law," in Mr. James' claim:

> Defense counsel was ineffective in violation of the Sixth and Fourteenth Amendment to the United States Constitution for failing to request sentencing entrapment instructions in this case.

8

Because, the OCCA did not determine that trial counsel was "ineffective" in her *deficient* performance in requesting sentencing entrapment instructions, thereby *prejudicing* the outcome of Petitioner's jury trial, but rather concluded "James does not raise sentencing entrapment as a separate substantive issue, we do not reach it in this proposition." Petitioner asserts this is error, because trial counsel is *expected* to "know or should have known," about sentencing entrapment given the fact that trial counsel "investigated" and "consulted" Mr. James on the facts and law concerning the case at bar. *Strickland*, 466 U.S., at 687, 104 S.CT. 2052 (criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance).

Counsel's *deficient* act in failure to request sentencing entrapment seriously affected Mr. James jury verdict, where it may be clear that such instructions may have altered the deliberations of the jury, in light of the fact that the jury sentenced Mr. James to the mandatory minimum of three (3) years for violation of Count I and no fine nor incarceration time for violation of Count II.

Because the OCCA ruled in contrary to *Strickland*, without assessing trial counsel's performance and prejudice therefrom and instead denied Mr. James' claim in that it should have been raised as a "separate substantive issues." As such, Mr. James is denied "effective" Sixth Amendment protection in trial counsel's lack of request for "sentencing entrapment occurs where a defendant may be predisposed to commit a lesser offense [misdemeanor solicitation], but is entrapped into committing a greater offense [felony indecent proposal] that carries more punishment; this is distinguished from entrapment, in which a defendant is lured into committing a crime although he was not predisposed to do so." *Soriano v. State*, 248 P.3d 381, 397 (Okla.Crim.App. 2011). Due to "counsel's acts or omissions" which is so serious as to deprive Mr. James of a fair trial with reliable results, Mr. James was convicted because he was

"entrapped" into *attempting* to committing a greater offense.   The Tenth Circuit holds that "counsel's failure to recognize likely defense" denies Petitioner *reasonably* effective assistance of counsel.   *Heard v. Addison,* 728 F.3d 1120 (10th Cir. 2013) (A criminal defense lawyer has a duty to conduct reasonable investigation into her client's case, which extends to the law as well as the fact.).

Conclusion

Because the OCCA ruled in contrary to the standards set forth in *Strickland* in assessing trial counsel performance and prejudice, no deference should be given its adjudication of Petitioner's claims under this apparent Sixth Amendment violation.   As a substantive issue, it is "plain" that without a sentencing entrapment jury instruction, the results of Mr. James trial would be different.   However, as a matter of constitutional guarantees, trial counsel's failure to request sentencing entrapment cannot be determined as "reasonably effective."   In the interest of justice, Mr. James prays this Court issue a writ of habeas corpus vacating Petitioner's state judgment and sentence.

(c) **Direct Appeal of Ground Three:**

> (1) If you appealed from the judgment of conviction, did you raise this issue?
>
> ☒ Yes          ☐ No

**GROUND FOUR:**

The OCCA ruled in contrary to clearly established Federal law in adjudication of Petitioner's Eighth Amendment claim wherein Petitioner was denied credit for time served in the county jail awaiting jury trial at the same time being denied the opportunity for bail in violation of Equal Protection of Law guaranteed by the Fourteenth Amendment to the United States Constitution, THEREFORE no deference should be given the OCCA's decision.

(a) Supporting facts:

The Supreme Court reasoned that "the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status." *Williams v. Illinois*, 399 U.S. 235, 244 (1970). The Tenth Circuit "hold that the Equal Protection Clause mandates the grant of full credit toward the maximum term of [Mr. James'] sentence for the time he spent incarcerated prior to sentencing due to his indigence." *Hall v. Furlong*, 77 F.3d 361, 364 (10th Cir. 1996). Under these norms, the OCCA has applied an "abuse of discretion" standard into a trial court denying criminal defendant's credit for jail time served. *Holloway v. State*, 182 P.3d 845, 847. However, the OCCA ruled in contrary to the Equal Protection Clause in rejecting Petitioner's claim that the trial court violated Mr. James's right to his jail time credits "coupled with the fact that he was held without bond, resulted in an illegal and unfair sentence."

Mr. James' case at bar is *distinguished* in the fact that he was denied bail, consequently "held without bond," and, at the same time, denied his jail time credits. While it *may* be permissible under Oklahoma law to deny bail for "persons charged with violent offenses," it is contrary to Oklahoma law to deny Mr. James, without prior criminal history and an *actual* victim in his case at bar, bail. That is,

> If bail is denied, the order of the District Court shall include written findings of fact and a statement of the reasons for the detention, supporting the conclusion with *clear and convincing evidence* that no conditions of release can reasonably assure the safety of the community or any persons, and that proof of guilt is evident or the presumption is great.

22 O.S.2011, §1101(C) (emphasis added); *Brill v. Gurich*, 965 P.2d 404, 408.

As a matter of first impression, Petitioner asserts that no deference should be given the OCCA adjudication on this claim for Mr. James was denied bail and this violation was not cured

when the trial court denied Mr. James jail time credits to be credited to his three-year sentence. The State imputes this error on defendant whereas the Sixth Amendment guarantees "reasonably effective counsel" for trial counsel to raise such a critical issue within a *timely* fashion given the facts of the case. The OCCA already stated "it is a matter of well settled law that the sentencing judge in Oklahoma has discretion in deciding whether to allow a defendant credit for time served in jail before sentencing," *Holloway,* 182 P.3d, at 847, however, the OCCA also stated the defendant "will automatically receive credit for time served prior to trial pursuant to" §138, *Loyd v. State,* 624 P.2d 74, 75 (Okla.Crim.App. 1981). *See also Johnson v. Patton,* 580 Fed.Appx. 646 (10th Cir. 2014) (Okla.Stat.Ann. tit. 57, §138 appears to require an award of jail-time credits).

Conclusion

No deference should be accorded the OCCA's ruling in contrary to federal law where Petitioner was charged excessive bond, where he was actually "held without bond" for violation of a "violent crime" after being subjected to a "sting operation" involving the use of "text messaging." The Equal Protection violation alleged here is the fact that, Mr. James was not only denied any opportunity for bail, he was denied the jail time credits he spent in jail awaiting trial, thus doubly punishing without "clear and convincing evidence" that he would present a threat to society in his release on bail, or being provided an opportunity for release on bail. The error here is that Petitioner was punished in being confined without bail and not allowed those confinement days as a reduction of this sentence, where the trial court clearly abused its discretion. In the interest of justice, Mr. James prays this Court issue a writ of habeas corpus vacating Petitioner's state judgment and sentence.

**(c) Direct Appeal of Ground Four:**

12

(1) If you appealed from the judgment of conviction, did you raise this issue?

☒ Yes          ☐ No

**GROUND FIVE:**

The OCCA ruled in contrary to clearly established Federal law in adjudication of Petitioner's

Eighth Amendment claim wherein Petitioner was not convicted of "Lewd molestation of a child

as defined in Section 1123 of Oklahoma Statutes Title 21" and subject to serve a minimum of

85% of his sentence, THEREFORE no deference should be given the OCCA's decision.

(b) Supporting facts:

The facts of Mr. James case primarily stems from electronic text messages produced from

the Tulsa Police Department phone utilized in the "sting operation."  It cannot be disputed that

Petitioner "intended" to solicit prostitution, however, Mr. James was not arrested in the

commission of any crime, rather Mr. James changed his mind and decided to leave before being

arrested by the Tulsa Police Department.  Because violation of 21 O.S. §1123 is "enumerated"

under 21 O.S. §13.1, it manifests as an 85% Crime.

While it is not for the federal courts to decide how the OCCA adjudicates criminal

statutes, Mr. James' *attempted* commission in light of sentencing entrapment should be subjected

to *strict scrutiny* analysis given the *circumstantial* facts of Petitioner's case at bar.  *Cf. McGowan

v. Maryland,* 366 U.S. 420, 426 (Rational relationship test, "[a] statutory discrimination will not

be set aside if any state of fact reasonably may be conceived to justify it.'); *Swart v. State,* 720

P.2d 1265; *Crawford v. State,* 881 P.2d 80, 90 (Okl.Cr. 1994).

Conclusion

Because there is a liberty interest in "earlier" release, no deference should be accorded

the OCCA's ruling.  While jury instruction error is a fundamental error recognized in Oklahoma

and the federal courts, Mr. James request a *strict scrutiny* application into whether "texting"

itself constitute a "violent" act in violation of 21 O.S. 1123.  In the interest of justice, Mr. James

prays this Court issue a writ of habeas corpus vacating Petitioner's state judgment and sentence.

(c) **Direct Appeal of Ground Five:**

    (2) If you appealed from the judgment of conviction, did you raise this issue?

      ☒ Yes      ☐ No

**GROUND SIX:**

Even if none of the previously discussed errors can, when viewed in isolation, necessitate

reversal of Petitioner's conviction, the combined effect of these errors deprived Mr. James of a

fair trial and requires the conviction to be reversed pursuant to both the Due Process of Law and

Equal Protection of Law Clauses of the Fourteenth Amendment to the United States

Constitution.

(a) Supporting facts:

    The combined effect of, Grounds One to Six, errors deprived Mr. James of a fair trial and

requires that his conviction be reversed.  *See Skelly v. State,* 880 P.2d 401, 407 (Okl.Cr. 1994);

*Peninger v. State,* 811 P.2d 609, 613 (Okl.Cr. 1991); *Gooden v. State,* 617 P.2d 248, 249-50

(Okl.Cr. 1980).  Some of these errors were not properly preserved for appellate review; however,

the OCCA has found that considerations of cumulative error override the absence of defense

objections or even invited error.  *Fabion v. State,* 569 P.2d 1022.

Conclusion

    "A cumulative-error analysis aggregates all errors found to be harmless and analyzes

whether their cumulative effect on the outcome of the trial is such that collectively they can no

longer be determined to be harmless." *United States v. Toles,* 297 F.3d 959, 972 (10th Cir. 2002).

*See also, United States v. Rivera,* 900 F.2d 1462, 1470 (10th Cir. 1996) (en banc).  In the interest

of justice, Mr. James prays this Court issue a writ of habeas corpus vacating Petitioner's state judgment and sentence.

12.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes   ☒ No

13.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes   ☒ No

14.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Arya Adibi, OBA#30837

(b) At arraignment and plea: Rebecca Newman

(c) At trial: Rebecca Newman; Paula Alfred

(d) At sentencing: Rebecca Newman; Paula Alfred

(e) On appeal: Stuart W. Southerland, OBA 12492

15.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes   ☒ No

16.   **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.   Mr. James' conviction was affirmed by the Oklahoma Court of Criminal Appeals on December 20, 2016.   See Exhibit A.

Therefore, Petitioner asks that the Court grant the following relief:

Mr. James respectfully asks this court to vacate the Judgment and Sentence rendered in the Oklahoma criminal case no. CF-2014-6469 and issue a writ of habeas corpus forthwith.   BE IT SO PRAYED.

or any other relief to which Petitioner may be entitled.

Date: December _8_, 2017

_____
Marvin Alphanso James DOC#729270
Dick Conner Correctional Center
129 Conner Road
Hominy, OK  74035

## **VERIFICATION/PROOF OF SERVICE**

I, Marvin A. James, declare under Penalty of Perjury that my answers to all the questions in this § 2254 Petition are true and correct.

The Applicant must send a copy of this Petition and all attachments to the Attorney General of the state in which the Applicant is confined.

I certify that on December _8_, 2017, I mailed a copy of this §2254 Petition and all attachments, with U.S. postage pre-paid, to:

Office of the Attorney General
State of Oklahoma
313 NE 21st Street
Oklahoma City, OK  73105

_____

ATTN. Court Clerk,
the $5.00 Filing Fee
is being remitted via
disbursement process.

Please confirm.

# IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

MARVIN ALPHANSO JAMES,   )
                               )        NOT FOR PUBLICATION
        Appellant,       )
  vs.                       )        No. F-2016-3
                               )
THE STATE OF OKLAHOMA,   )
                               )
        Appellee.       )

**FILED**
**IN COURT OF CRIMINAL APPEALS**
**STATE OF OKLAHOMA**

**DEC 20 2016**

## SUMMARY OPINION

MICHAEL S. RICHIE
CLERK

**SMITH, PRESIDING JUDGE:**

Marvin Alphanso James was tried by jury and convicted of Count I, Lewd or Indecent Proposal to a Child Under 16 in violation of 21 O.S.Supp.2013, § 1123, and Count II, Resisting an Officer (Misdemeanor) in violation of 21 O.S.2011, § 268, in the District Court of Tulsa County, Case No. CF-2014-6469. In accordance with the jury's verdict the Honorable Sharon K. Holmes sentenced James to three (3) years imprisonment (Count I), with no incarceration or fine imposed on Count II. James must serve 85% of his sentence on Count I before becoming eligible for parole consideration. James appeals from the conviction and sentence in Count I.

James raises five propositions of error in support of his appeal:

I.    The prosecutor's questioning regarding other juvenile prostitution cases in Tulsa amounted to an appeal to societal alarm which violated relevant provisions of the Oklahoma Evidence Code and prejudiced Appellant, undermining his right to a fair trial under the Fourteenth Amendment to the United States Constitution.

II.    Defense counsel had not been provided with the background discovery in support of Sergeant Evans testimony regarding the reasons for the "sting" operation in this case. The failure to provide this information prior to jury trial constituted a discovery violation.

[Exhibit A]

III.    Defense counsel was ineffective in violation of the Sixth and Fourteenth Amendment to the United States Constitution for failing to request sentencing entrapment instructions in this case.

IV.    Under the facts of the case before this Court, Appellant was improperly denied credit for time served in the county jail awaiting jury trial. The judgment and sentence must be modified to reflect that he be given credit for time served.

V.    The crime that Appellant was convicted of committing is not an enumerated offense under 21 O.S.2011, § 13.1 The jury should not have been instructed that the offense of lewd proposal to a person believed to be a child under the age of sixteen required Appellant to serve a minimum of 85% of his sentence.

After thorough consideration of the entire record before us, including the original record, transcripts, exhibits and briefs, we find that the law and evidence do not require relief.

We find in Proposition I that the prosecutor did not improperly invoke societal alarm. Parties have wide latitude to discuss the evidence and inferences from it, and we will not grant relief unless grossly unwarranted argument affects the defendant's rights, prejudicing him to the point he is deprived of a fair trial. *Bell v. State*, 2007 OK CR 43, ¶ 6, 172 P.3d 622, 624. We review challenged comments in the context of the whole trial, considering the arguments of both parties and the strength of the State's evidence. *Taylor v. State*, 2011 OK CR 8, ¶ 55, 248 P.3d 362, 379. James did not object to some of the comments and we review those for plain error. *Mathis v. State*, 2012 OK CR 1, ¶ 24, 271 P.3d 67, 76. Plain error is an actual error, that is plain or obvious, and that affects a defendant's substantial rights, affecting the outcome of the trial. *Barnard v. State*, 2012 OK CR 15, ¶ 13, 290 P.3d 759, 764. James was caught through a Tulsa police sting operation; police were trying to reduce the rising number of teenage prostitutes by targeting their customers. All the

comments and questions of which James complains were descriptions of this sting, its goal and the details of its operation. These were relevant and explicitly tied to the charges against James. They were neither designed to raise jurors' fears about teen prostitution generally nor to enlist jurors' aid in solving this larger societal problem. The comments in opening statement properly told jurors what the State expected to prove. *Young v. State*, 2000 OK CR 17, ¶ 40, 12 P.3d 20, 36. When the prosecutor did cross the line, suggesting there were more cases than police could work, and that some of the suspects might be armed and dangerous, James' objections were sustained. This cured any error. *Johnson v. State*, 2013 OK CR 12, ¶ 16, 308 P.3d 1053, 1057. This proposition is denied.

We find in Proposition II that there was no discovery violation. We review a trial court's rulings on discovery issues for abuse of discretion. *Lozano v. State*, 2013 OK CR 17, ¶ 5, 313 P.3d 272, 273-74. An abuse of discretion is any unreasonable or arbitrary action made without proper consideration of the relevant facts and law, also described as a clearly erroneous conclusion and judgment, clearly against the logic and effect of the facts. *Neloms v. State*, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170. Regarding the officer's testimony about the sting operation of which James now complains, defense counsel stated that she had no objection, she did not think the State had violated the discovery code, and she did not ask for any type of relief.[1] This claim is thus waived for all but plain error. *Barnard*, 2012 OK CR 15, ¶ 13, 290 P.3d at 764. James wholly fails to show how he was prejudiced by

---

[1] At least one *Allen* hearing was held, but the hearing was not transcribed; the trial transcript says the prosecutor orally gave defense counsel some background on the police sting procedures. It is the defendant's job to provide a complete record for review. *Mooney v. State*, 1999 OK CR 34, ¶ 23, 990 P.2d 875, 884.

these alleged discovery omissions, or why the trial court should have *sua sponte* excluded the State's witness. There is no plain error, and this proposition is denied.

We find in Proposition III that trial counsel was not ineffective. James must show that counsel's performance was deficient, and that he was prejudiced by the deficient performance. *Miller v. State*, 2013 OK CR 11, ¶ 145, 313 P.3d 934, 982; *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel's acts or omissions must have been so serious as to deprive James of a fair trial with reliable results. *Harrington v. Richter*, 562 U.S. 86, 104, 131 S.Ct. 770, 787-88, 178 L.Ed.2d 624 (2011). He must show he was prejudiced by counsel's acts or omissions. *Williams v. Taylor*, 529 U.S. 362, 394, 120 S.Ct. 1495, 1513-14, 146 L.Ed.2d 389 (2000); *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067. Where a defendant fails to show prejudice, we will dispose of a claim of ineffective assistance on that ground. *Marshall v. State*, 2010 OK CR 8, ¶ 61, 232 P.3d 467, 481.

James argues that defense counsel should have asked for sentencing entrapment instructions. Sentencing entrapment occurs where a defendant may be predisposed to commit a lesser offense, but is entrapped into committing a greater offense that carries more punishment; this is distinguished from entrapment, in which a defendant is lured into committing a crime although he was not predisposed to do so. *Soriano v. State*, 2011 OK CR 9, ¶ 39, 248 P.3d 381, 397. James argues that, had jurors received these instructions, they would have had more reason to consider the lesser related offense of soliciting prostitution. James

4

does not raise sentencing entrapment as a separate substantive issue, and we do not reach it in this proposition. Our review is limited to the issue of whether James was prejudiced by counsel's failure to request the instructions – whether this omission deprived him of a fair trial with reliable results. *Richter*, 562 U.S. at 104, 131 S.Ct. at 787-88. He fails to make this showing. Given the uncontroverted evidence, James has not shown that, had such instructions been requested and given, it would have had an effect on the jury's verdict. This proposition is denied.

We find in Proposition IV that the trial court did not abuse its discretion in refusing to grant James credit for time served. *Holloway v. State*, 2008 OK CR 14, ¶ 8, 182 P.3d 845, 847. We further reject James' claim that this decision, coupled with the fact that he was held without bond, resulted in an illegal or unfair sentence. Every Oklahoma criminal defendant has the right to bail; however, persons charged with violent offenses may be denied bail. *Brill v. Gurich*, 1998 OK CR 49, ¶ 11, 965 P.2d 404, 407; 22 O.S.2011, § 1101(A), (C)(2). If bail is denied, the court's order must include written reasons for the detention. *Brill*, 1998 OK CR 49, ¶ 14, 965 P.2d at 408. Where a violent offense is charged, "the proof of guilt must be evident, or the presumption must be great, and it must be on the grounds that no condition of release would assure the safety of the community or any person." 22 O.S.2011, § 1101(C)(5). "Violent offense" is defined, for purposes of the entire Oklahoma statutory body including the Criminal Code, to include "lewd or indecent proposition or lewd or indecent act with a child." 57 O.S.2011, § 571(2)(dd). Because James was charged with a violent offense, he was properly held without bond. The record does not show that James made any attempt to either object to

5

this decision or ask for a bond hearing. While courts do often give credit for time served in jail awaiting trial, that time is not part of the punishment imposed on conviction. *In re Tidwell*, 1957 OK CR 33, ¶ 4, 309 P.2d 302, 304. We decline James' invitation to follow the law of other jurisdictions on the issue of bond and credit for time served. James fails to raise any Eighth Amendment or Fourteenth Amendment claims which are relevant to the facts of his case. His Motion for Oral Argument on this issue, as well as this proposition, are denied.

We find in Proposition V that James' jury was properly instructed on the sentencing range for Count I. Instructions are within the discretion of the trial court. *Cipriano v. State*, 2001 OK CR 25, ¶ 14, 32 P.3d 869, 873. James did not object to this instruction and has waived all but plain error. *Day v. State*, 2013 OK CR 8, ¶ 14, 303 P.3d 291, 298. Lewd or Indecent Proposal to a Child Under 16, prohibited by 21 O.S.Supp.2013, § 1123, is an 85% Rule crime. Section 13.1 provides that a person convicted of "[l]ewd molestation of a child as defined in Section 1123 of this title" shall serve 85% of his sentence before being eligible for parole. 21 O.S.Supp.2015, § 13.1(18). "Lewd molestation" under § 1123 is not, as James argues, separate and distinct from the other crimes defined in that statute. Section 1123 itself does not include the phrase "lewd molestation", even for the two subsections which clearly refer to actions constituting that crime. Despite James' argument otherwise, lewd molestation is not a separate crime under § 1123. In interpreting a statute, we begin with the language, construing it according to its plain and ordinary meaning. *State v. Steidley*, 2015 OK CR 6, ¶ 12, 349 P.3d 554, 557-58. Our goal is to give effect to the Legislature's intent. *Lewis v. City of*

*Oklahoma City*, 2016 OK CR 12, ¶ 2, __ P.3d __. We look to each part of the statute, the statute's apparent purpose, and the consequences of any particular interpretation. *Id.*   James argues that, if the Legislature intended to make the crimes listed in 21 O.S.Supp.2013, § 1123, subject to the 85% Rule, then 21 O.S.Supp.2015, § 13.1 should say so. By its plain language, that is what it does. Section 13.1 uses the general phrase "lewd molestation", and states that crimes involving "lewd molestation", as defined in § 1123, shall be 85% crimes. His comparison to *Lewallen v. State* fails; there, we found that child abuse and child neglect are separate criminal offenses, defined differently in different statutes. *Lewallen v. State*, 2016 OK CR 4, ¶ 7, 370 P.3d 828, 830. Lewd molestation has no separate definition in § 1123 or any other statute. This Court has noted that crimes charged under § 1123 are subject to the 85% Rule. *Barnard v. State*, 2012 OK CR 15, ¶ 1 n.1, 290 P.3d 759, 761 n.1. This proposition is denied.

## DECISION

The Judgment and Sentence of the District Court of Tulsa County is **AFFIRMED**. The Motion for Oral Argument is **DENIED**. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2016), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE SHARON K. HOLMES, DISTRICT JUDGE

**ATTORNEYS AT TRIAL**

REBECCA NEWMAN
PAULA ALFRED
ASSISTANT PUBLIC DEFENDERS
423 SOUTH BOULDER AVE., STE.  300
TULSA, OK  74103
COUNSEL FOR DEFENDANT

KENNETH ELMORE
ASSISTANT DISTRICT ATTORNEY
500 S. DENVER, STE. 900
TULSA, OK  74103
COUNSEL FOR THE STATE

**ATTORNEYS ON APPEAL**

STUART W. SOUTHERLAND
TULSA COUNTY
   PUBLIC DEFENDER'S OFFICE
423 SOUTH BOULDER AVE., STE. 300
TULSA, OK  74103
COUNSEL FOR APPELLANT

E. SCOTT PRUITT
ATTORNEY GENERAL OF OKLAHOMA
ASHLEY L. WILLIS
ASSISTANT ATTORNEY GENERAL
313 NE 21ST STREET
OKLAHOMA CITY, OK  73105
COUNSEL FOR APPELLEE

**OPINION BY:  SMITH, P.J.**
LUMPKIN, V.P.J.:  CONCUR
JOHNSON, J.:       CONCUR
LEWIS, J.:         CONCUR
HUDSON, J.:        CONCUR

8



Case 4:17-cv-00668-CVE-fhm   Document 1 Filed in USDC ND/OK on 12/12/17   Page 25 of 26



This correspondence is from an offender under the custody of the Oklahoma Department of Corrections (DOC). For specific information about the offender sending this correspondence such as offense, projected release date, photo, etc., refer to our website at http://www.dc.gov/doc Click on the "Offenders" link then the "Offender Lookup" link, or contact the Warden at (918)584-1500. Further, this facility is not responsible for this substance or content. Objectionable material may be returned to the facility head at Dick Conner Correctional Center, 129 Conner Rd., Hominy, OK 74035