**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MARVIN ALPHANSO JAMES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 17-CV-0668-CVE-FHM** |
| | ) | |
| **JANET DOWLING, Warden** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court are two motions: respondent's motion to dismiss the habeas petition for failure to exhaust state remedies (Dkt. # 7), and petitioner's motion for leave to exhaust state remedies (Dkt. # 9). For the reasons discussed below, the Court shall deny both motions.

### *BACKGROUND*

Petitioner challenges the constitutional validity of the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2014-6469. Dkt. # 1 at 1. In that case, a jury convicted petitioner of making a lewd or indecent proposal to a child under age 16, in violation of OKLA. STAT. tit. 21, § 1123, and resisting an officer, in violation of OKLA. STAT. tit. 21, § 268. Dkt. # 8-1 at 1.[1] In accordance with the jury's recommendations, the trial court imposed a three-year prison sentence on the first count and no incarceration or fine on the second count. Id.

Petitioner filed a direct appeal with the OCCA, raising five propositions of error:

---

[1]    For consistency, the Court's record citations refer to the CM/ECF header page numbers in the upper right-hand corner of each document.

Proposition 1: The prosecutor's questioning regarding other juvenile prostitution cases in Tulsa amounted to an appeal to societal alarm which violated relevant provisions of the Oklahoma Evidence Code and prejudiced [petitioner], undermining his right to a fair trial under the Fourteenth Amendment to the United States Constitution.

Proposition 2: Defense counsel had not been provided with the background discovery in support of Sergeant Evans testimony regarding the reasons for the "sting" operation in this case. The failure to provide this information prior to jury trial constituted a discovery violation.

Proposition 3: Defense counsel was ineffective in violation of the Sixth and Fourteenth Amendment to the United States Constitution for failing to request sentencing entrapment instructions in this case.

Proposition 4: Under the facts of the case before this Court, [petitioner] was improperly denied credit for time served in the county jail awaiting jury trial. The judgment and sentence must be modified to reflect that he be given credit for time served.

Proposition 5: The crime that [petitioner] was convicted of committing is not an enumerated offense under 21 O.S. 2011, § 13.1. The jury should not have been instructed that the offense of lewd proposal to a person believed to be a child under the age of sixteen required [petitioner] to serve a minimum 85% of his sentence.

Dkt. # 8-2, Pet'r App. Brief, at 2-3.

By unpublished summary opinion, filed December 20, 2016, in Case No. F-2016-3, the

OCCA affirmed the trial court's judgment and sentence. Dkt. # 8-1, OCCA Op., at 7. Petitioner did

not seek a writ of certiorari from the United States Supreme Court. Dkt. # 1 at 3.

On December 12, 2017, petitioner filed the instant habeas petition, identifying six grounds

for habeas relief:

Ground 1: The [OCCA] ruled in contrary to clearly established Federal law in adjudication of Petitioner's Prosecutorial Misconduct claim for relief wherein the prosecutor's questioning regarding other juvenile prostitution cases in Tulsa amounted to an appeal to societal alarm which violated relevant provisions of the Oklahoma Evidence Code (and Federal Rules of Evidence) and *prejudiced* Petitioner,

undermining his right to a fair trial under the Fourteenth Amendment to the United States Constitution.

Ground 2:     The OCCA ruled in contrary to clearly established Federal law in adjudication of Petitioner's _Brady_ violation claim wherein Defense counsel had not been provided with the background discovery in support of Sergeant Evans testimony regarding the reasons for the "sting" operation in this case constituting a "discovery violation" violative of the Sixth and Fourteenth Amendment to the United States Constitution.

Ground 3:     The OCCA ruled in contrary to clearly established Federal law in adjudication of Petitioner's Ineffective Assistance of Counsel claim wherein Defense counsel was ineffective in violation of the Sixth and Fourteenth Amendment to the United States Constitution for failing to request sentencing entrapment instructions.

Ground 4:     The OCCA ruled in contrary to clearly established Federal law in adjudication of Petitioner's Eighth Amendment claim wherein Petitioner was denied credit for time served in the county jail awaiting jury trial at the same time being denied the opportunity for bail in violation of Equal Protection of Law guaranteed by the Fourteenth Amendment to the United States Constitution.

Ground 5:     The OCCA ruled in contrary to clearly established Federal law in adjudication of Petitioner's Eighth Amendment claim wherein Petitioner was not convicted of "Lewd molestation of a child as defined in Section 1123 of Oklahoma Statutes Title 21" and subject to serve a minimum of 85% of his sentence.

Ground 6:     Even if none of the previously discussed errors can, when viewed in isolation, necessitate reversal of Petitioner's conviction, the combined effect of these errors deprived Mr. James of a fair trial and requires the conviction to be reversed pursuant to both the Due Process of Law and Equal Protection of Law Clauses of the Fourteenth Amendment to the United States Constitution.

Dkt. # 1 at 3, 5-6, 8, 10, 13-14.

In response to the petition, respondent filed a motion to dismiss for failure to exhaust state remedies (Dkt. # 7), along with a supporting brief (Dkt. # 8). In response to the motion to dismiss, petitioner filed a motion for leave to exhaust state remedies (Dkt. # 9), along with a supporting brief

(Dkt. # 10). Respondent filed an objection to petitioner's motion (Dkt. # 11). On March 13, 2018,

petitioner notified the Court that he filed an application for state post-conviction relief (Dkt. # 12).[2]

## *ANALYSIS*

Respondent concedes that petitioner exhausted his Ground 3 claim. Dkt. # 8 at 3 n.1.

However, respondent contends petitioner did not exhaust the remaining claims. Id. at 3. Respondent

therefore urges the Court to dismiss the entire petition for failure to exhaust state remedies. Dkt. ##

7, 8. In light of respondent's motion to dismiss, petitioner asks this Court to stay the habeas

proceedings and grant him leave to exhaust the remaining claims. Dkt. ## 9, 10.

The Antiterrorism and Effective Death Penalty Act (AEDPA) generally "prohibits federal

courts from granting habeas relief to state prisoners who have not exhausted available state

remedies." Ellis v. Raemisch, 872 F.3d 1064, 1076 (10th Cir. 2017); see also 28 U.S.C.

§ 2254(b)(1). AEDPA's exhaustion requirement "is designed to give the state courts a full and fair

opportunity to resolve federal constitutional claims before those claims are presented to the federal

courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). To satisfy the exhaustion requirement,

"a federal habeas petitioner [must] provide the state courts with a 'fair opportunity' to apply

controlling legal principles to the facts bearing upon his constitutional claim." Grant v. Royal, 886

F.3d 874, 890 (10th Cir. 2018) (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982)). This means,

inter alia, that the claim raised in the habeas petition "cannot depart significantly from" the claim

raised in state court. Id. at 891.

---

[2]     Petitioner did not provide a copy of his application for post-conviction relief, but his notice
indicates the application alleges that appellate counsel was ineffective for failing to raise
several claims on direct appeal, including those claims that respondent has identified as
unexhausted. See Dkt. # 12 at 1-3.

4

Ordinarily, "a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." Id. at 891-92 (quoting Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006)). "However, dismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." Id. at 892 (quoting Smallwood v. Gibson, 191 F.3d 1257, 1267 (10th Cir. 1999)). Rather, those claims that the state court would find procedurally barred are procedurally defaulted for purposes of habeas review. Id. To overcome the procedural default, a petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

## I.      Petitioner exhausted the claims raised in Grounds 1, 3 and 4.

Respondent concedes, and the Court agrees, that petitioner exhausted his Ground 3 claim. See Dkt. # 8 at 3 n.1; Dkt. 8-1, OCCA Op., at 4-5. The Court finds that petitioner also exhausted the claims raised in Grounds 1 and 4.

As to Ground 1, respondent acknowledges that petitioner (1) presented a prosecutorial misconduct claim to the OCCA on direct appeal and (2) alleged that the prosecutor improperly invoked societal alarm in questioning Sergeant Evans. Dkt. # 8 at 4. But respondent argues petitioner now "raises a different factual basis to support" his prosecutorial misconduct claim by referring in his habeas petition to a juror's note as additional evidence establishing prejudice. Dkt. # 8 at 4-5. Thus, respondent argues, petitioner failed to exhaust his Ground 1 claim because the OCCA did not have an opportunity to consider the impact of the juror's note in determining whether the alleged prosecutorial misconduct resulted in prejudice. Id.

5

Having reviewed petitioner's direct appeal brief and the OCCA's decision, the Court finds that petitioner sufficiently exhausted the Ground 1 claim. Petitioner argues in his petition, as he did on direct appeal, that the prosecutor improperly invoked societal alarm by questioning Sergeant Evans about unrelated juvenile prostitution cases. See Dkt. # 1 at 3-5; Dkt. # 8-2, Pet'r App. Brief, at 11-16. Significantly, in rejecting the prosecutorial misconduct claim, the OCCA applied plain-error review. Dkt. # 8-1, OCCA Op., at 2. The Tenth Circuit Court of Appeals has acknowledged that "Oklahoma's plain-error test is rooted in due process." Thornburg v. Mullin, 422 F.3d 1113, 1124 (10th Cir. 2005). In applying that test here, the OCCA "review[ed] the challenged comments in the context of the whole trial, considering the arguments of both parties and the strength of the State's evidence." Id. at 2. As a result, the OCCA effectively adjudicated the merits of petitioner's federal claim that the alleged prosecutorial misconduct deprived him of his right to a fundamentally fair trial. See Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974) (explaining that unless habeas petitioner alleges prosecutorial misconduct deprived him of a specific constitutional right, proper inquiry is whether challenged conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process," and that inquiry requires consideration "of the entire proceedings"). Moreover, in light of the OCCA's express statement that it considered the record as a whole in adjudicating petitioner's prosecutorial misconduct claim, the Court presumes that the OCCA considered the impact, if any, of the juror's note in determining whether petitioner was deprived of his right to a fair trial. As a result, the Court finds petitioner sufficiently exhausted his Ground 1 claim.

As to Ground 4, respondent argues petitioner failed to give the OCCA an opportunity to decide whether the denial of credit for time served and the denial of bail violated federal law. Dkt.

# 8 at 7-8. The Court disagrees. In his direct appeal brief, petitioner argued that the denial of bail and denial of jail credit violated his rights under state and federal law. See Dkt. # 8-2, Pet'r App. Brief, at 25-31. He specifically alleged, "it is a violation of the Eighth and Fourteenth Amendment to set bail to ensure that a defendant will not gain his freedom," and that setting bail "at a higher figure than an amount reasonably calculated to fulfill the legitimate purpose of assuring one's appearance in court is 'excessive and in violation of the United States Constitution'." Dkt. # 8-2, Pet'r App. Brief, at 30. He further argued that the "[d]enial of credit for time served in pretrial custody necessitated by financial inability to make bail has been held violative of the Fourteenth Amendment." Id. at 31. In rejecting petitioner's claims, the OCCA primarily applied Brill v. Gurich, 965 P.2d 404 (Okla. Crim. App. 1998). See Dkt. # 8-1, OCCA Op., at 5. In Brill, the OCCA acknowledged that the bail provisions of the state constitution were amended in 1988 following the enactment of the federal Bail Reform Act. See id.; Brill, 965 P.2d at 407-09 (identifying several procedural requirements that must be met before a state district court denies bail to "ensure the application of [Oklahoma's] state constitutional provisions relating to bail does not violate federal constitutional rights"). Applying Brill, the OCCA concluded that petitioner was properly held without bond. Dkt. # 8-1, OCCA Op., at 5-6. The OCCA then stated, "[petitioner] fails to raise any Eighth Amendment or Fourteenth Amendment claims *which are relevant to the facts of his case*. Id. at 6 (emphasis added). In arguing that petitioner failed to exhaust the federal claims asserted in Ground 4, respondent essentially asks this Court to ignore the italicized portion of the OCCA's statement and conclude that the OCCA found petitioner failed to raise any federal claims. See Dkt. # 8 at 7-8. The Court declines to do so. Instead, the Court reads the OCCA's statement, in the context of the specific arguments petitioner asserted in his direct appeal brief, as

a rejection of petitioner's federal claims on the merits based on the OCCA's finding that the underlying facts did not support his federal claims. Thus, the Court finds petitioner sufficiently exhausted his Ground 4 claim.

**II.     Petitioner failed to exhaust the claims raised in Grounds 2, 5, and 6.**

Respondent contends, and the Court agrees, that petitioner did not fully exhaust the remaining claims. See Dkt. # 8 at 5-6. As to Ground 2, petitioner relied solely on the Oklahoma Evidence Code to argue on direct appeal that the prosecutor committed a discovery violation. See Dkt. # 8-2, Pet'r App. Brief, at 16-18. The Court finds nothing in petitioner's direct appeal brief or in the OCCA's opinion suggesting that petitioner fairly presented a claim to the OCCA that the prosecutor failed to provide discovery as required by Brady v. Maryland, 373 U.S. 83 (1963). See Dkt. ## 8-1, 8-2. Thus, to the extent petitioner's Ground 2 claim asserts a Brady claim, the Brady claim is unexhausted.

Likewise, as to Ground 5, petitioner relied strictly on Oklahoma law to argue on direct appeal that the jury should not have been instructed that his Count 1 conviction was an 85% crime. See Dkt. # 8-2, Pet'r App. Brief, at 32-36. In his habeas petition, petitioner alleges a significantly different claim: that the OCCA's interpretation of state law as defining his crime of conviction as an 85% crime violates the Eighth Amendment. Dkt. # 1 at 13. Because petitioner did not fairly present an Eighth Amendment claim to the OCCA, that portion of his Ground 5 claim is unexhausted.

Finally, as to Ground 6, petitioner did not ask the OCCA to consider the cumulative effect of the errors he alleged on direct appeal. See Dkt. # 8-2, Pet'r App. Brief, generally. Thus, he completely failed to exhaust his Ground 6 claim.

**III.    The Court will apply an anticipatory procedural bar**

As just discussed, petitioner exhausted only three of his six claims.  Thus, respondent is correct that petitioner presents a "mixed petition."  See Wood v. McCollum, 833 F.3d 1272, 1273 (10th Cir. 2016).  As a result, the Court could grant respondent's request to dismiss the entire petition without prejudice and permit petitioner to return to state court to exhaust state remedies as to the unexhausted claims.  See id. ; see also Grant, 886 F.3d at 891-92.  Or, as petitioner requests, the Court could, "if the equities favor such an approach . . . stay the federal habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust the previously unexhausted claims."  Wood, 833 F.3d at 1273 (citing Rhines v. Weber, 544 U.S. 269, 279 (2005)).

For two reasons, the Court finds that neither approach is optimal.  First, neither dismissing the entire petition without prejudice nor granting a stay to permit petitioner to exhaust state remedies would be appropriate because the OCCA would now find petitioner's unexhausted claims procedurally barred.  See Grant, 886 F.3d at 892.  Petitioner failed to exhaust portions of his Ground 2 and Ground 5 claims and all of his Ground 6 claim.  But each of these claims could have been raised on direct appeal.  The OCCA routinely applies a procedural bar to claims that could have been, but were not, raised on direct appeal. See OKLA. STAT. tit. 22, § 1086; Walker v. State, 933 P.2d 327, 330-31 (Okla. Crim. App. 1997) ("[P]ost-conviction claims which could have been raised in previous appeals but were not are generally considered waived.").  And the Tenth Circuit Court of Appeals recognizes this particular procedural bar as an independent and adequate state ground for denying habeas relief.  Ellis v. Hargett, 302 F.3d 1182, 1186 (10th Cir. 2002).  Moreover, petitioner appears to recognize that his unexhausted claims are now procedurally barred.  In requesting a stay, petitioner discusses OKLA. STAT. tit. 22, § 1086 and suggests his only "viable

ground" for post-conviction relief may be ineffective assistance of appellate counsel. Dkt. # 10 at

2-3. Similarly, in his notice of state post-conviction filing, petitioner indicates that he seeks post-

conviction relief on claims of ineffective assistance of appellate counsel rather than on the

underlying, unexhausted claims he asserts in Grounds 2, 5 and 6. Dkt. # 12 at 1-2. Second, even

if exhaustion would not be a futile exercise, dismissing the entire petition without prejudice to

permit petitioner to exhaust his claims could prevent petitioner from timely refiling his habeas

petition. As respondent points out, petitioner filed the instant habeas petition on December 12,

2017, well before his one-year AEDPA deadline expired on March 21, 2018. See Dkt. # 11 at 1-2.

Because petitioner filed an application for state post-conviction relief on March 13, 2018, the

AEDPA deadline is now statutorily tolled. See Dkt. # 12; 28 U.S.C. § 2244(d)(2); Clark v.

Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed

within the one year allowed by AEDPA will toll the statute of limitations."). While petitioner's one-

year limitation period is currently tolled,[3] should this Court dismiss the entire habeas petition

petitioner would have only 8 days after entry of the OCCA's final decision on his post-conviction

appeal in which to refile a federal habeas petition asserting only exhausted claims. This tight

timeline also militates against dismissal. See Rhines, 544 U.S. at 275 (noting that "if a district court

dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of

exhausting his claims in state court and refiling his petition in federal court before the limitations

period runs are slim"). For these reasons, the Court shall deny respondent's motion to dismiss the

---

[3]     The Court takes judicial notice that the state district court denied petitioner's application for
post-conviction relief on June 20, 2018, petitioner filed a notice of intent to appeal on July
2, 2018, and the OCCA issued a certificate of appeal in Case No. PC-2018-714 on July 26,
2018. See State v. James, Tulsa County District Court Case No. CF-2014-6469, available
at http://www.oscn.net/dockets, last visited July 27, 2018.

petition for failure to exhaust (Dkt. # 7) and deny petitioner's motion for leave to exhaust state remedies (Dkt. # 9).

Instead, the Court will apply an anticipatory procedural bar[4] to the unexhausted claims raised in Grounds 2, 5 and 6. The Court will deny habeas relief on those claims, without reviewing them on the merits, unless petitioner shows either "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default of those claims. Coleman, 501 U.S. at 750. To establish cause the petitioner must "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules. Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include discovery of new evidence, a change in the law, interference by state officials, and constitutionally ineffective assistance of counsel. Id. However, an ineffective assistance of counsel claim "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" Edwards v. Carpenter, 529 U.S. 446, 452 (2000) (quoting Carrier, 477 U.S. at 489). In addition to cause, petitioner must also show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982).

If petitioner cannot establish "cause and prejudice," he can overcome the procedural default of his unexhausted claims only by showing that a "fundamental miscarriage of justice" would result if the Court fails to address those claims. Coleman, 501 U.S. at 750. To make this showing, petitioner must present a credible claim of "actual innocence." Schlup v. Delo, 513 U.S. 298, 324

---

4       "'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." Anderson v. Sirmons, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (quoting Moore v. Schoeman, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002)).

11

(1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Id. And petitioner must "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327.

Within thirty (30) days of the entry of this order, petitioner may file a brief demonstrating either "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default of the unexhausted claims raised in Grounds 2, 5 and 6 of his habeas petition. Respondent may file a response within thirty (30) days of the filing of petitioner's brief. Also, within thirty (30) days of the entry of this order, respondent shall file a response to the habeas petition addressing the exhausted claims raised in Grounds 1, 3 and 4. Petitioner may then file a reply within thirty (30) days of the filing of respondent's response.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.    Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 7) is **denied**.

2.    Petitioner's motion for leave to exhaust state remedies (Dkt. # 9) is **denied**.

3.    Within thirty (30) days of the entry of this order, or by **August 30, 2018**, petitioner may file a **brief** demonstrating either "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default of the claims raised in Grounds 2, 5 and 6 of the habeas petition.

4.    Respondent may file a **response** within thirty (30) days after the filing of petitioner's brief.

5.    Within thirty (30) days of the entry of this order, or by **August 30, 2018**, respondent shall

file a **response** to the habeas petition addressing the claims raised in Grounds 1, 3 and 4.

6.    Petitioner may file a **reply brief** within thirty (30) days after the filing of respondent's

response to the petition.

**DATED** this 30th day of July, 2018.

_____

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE