# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARVIN ALPHANSO JAMES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-0668-CVE-FHM |
| | ) | |
| JANET DOWLING, Warden | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. By opinion and order filed July 30, 2018 (Dkt. # 13), the Court denied respondent's motion to dismiss the habeas petition for failure to exhaust state remedies (Dkt. # 7), and denied petitioner's motion for leave to exhaust state remedies (Dkt. # 9). Before the Court are two motions filed by respondent: (1) a motion to reconsider the denial of her motion to dismiss the petition as unexhausted (Dkt. # 15), filed August 23, 2018, and (2) a motion for a 30-day extension to file a response to the petition (Dkt. # 18), filed August 29, 2018. In the first motion, respondent urges the Court to reconsider its determination that it would be futile for petitioner to exhaust state court remedies and its application of an anticipatory procedural bar to petitioner's unexhausted claims. Dkt. # 15 at 1, 3. As respondent contends, a district court has discretion to review and revise its interlocutory orders. Dkt. # 15 at 2-3; see Been v. O.K. Industries, Inc., 495 F.3d 1217, 1225 (10th Cir. 2007). However, because the Court's prior ruling faithfully applied controlling legal principles to the particular facts of this case, the Court shall deny respondent's motion for reconsideration. As a result of the denial of respondent's motion for reconsideration, and based on respondent's representations in the second motion, the Court finds good cause to grant respondent's request for a 30-day extension of time to file a response to the petition.

**I.**

The Antiterrorism and Effective Death Penalty Act (AEDPA) generally "prohibits federal courts from granting habeas relief to state prisoners who have not exhausted available state remedies." Ellis v. Raemisch, 872 F.3d 1064, 1076 (10th Cir. 2017); see also 28 U.S.C. § 2254(b)(1). To satisfy the AEDPA's exhaustion requirement, "a federal habeas petitioner [must] provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." Grant v. Royal, 886 F.3d 874, 890 (10th Cir. 2018) (alteration in original) (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982)). "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." Id. at 891-92 (quoting Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006)).

However, even when a federal habeas petitioner files a "mixed petition," i.e., a petition containing both exhausted and unexhausted claims, dismissal without prejudice is not mandated. See Wood v. McCollum, 833 F.3d 1272, 1273 (10th Cir. 2016). Rather, based on the particular facts of the case, the court may (1) dismiss the entire petition without prejudice and permit the petitioner to return to state court to exhaust unexhausted claims, (2) employ the stay and abeyance procedure approved of in Rhines v. Weber, 544 U.S. 269 (2005), and permit the petitioner to return to state court to exhaust unexhausted claims, (3) allow the petitioner to dismiss unexhausted claims and proceed only on exhausted claims, or (4) deny the entire petition on the merits. See Grant, 886 F.3d at 891-92; Wood, 833 F.3d at 1273. Notably, "dismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." Grant, 886 F.3d at 892 (quoting Smallwood

v. Gibson, 191 F.3d 1257, 1267 (10th Cir. 1999)). Rather than dismissing the entire petition, the court may proceed by treating those claims that the state court would find procedurally barred as procedurally defaulted for purposes of habeas review. Id. To overcome the procedural default, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

**II.**

In its prior opinion and order, the Court determined that petitioner exhausted the claims asserted in Grounds 1, 3 and 4 of his petition but failed to exhaust portions of the claims asserted in Grounds 2 and 5 and all of his Ground 6 claim. Dkt. # 13 at 5-8. The Court therefore agreed with respondent that the petition is a "mixed petition." But the Court declined to either (1) dismiss the entire petition without prejudice (as respondent urged), or (2) grant a Rhines stay (as petitioner urged). Id. at 9. The Court reasoned it would be futile to permit petitioner to return to state court to exhaust the claims asserted in Grounds 2, 5 and 6 because the Oklahoma Court of Criminal Appeals (OCCA) likely would find those claims procedurally barred as petitioner could have, but did not, raise them in his direct appeal. Id. at 9-10. In addition, the Court found that even if it dismissed the timely mixed petition he would not necessarily be precluded from timely refiling a fully exhausted petition given that he has filed an application for post-conviction relief, tolling his AEDPA one-year limitation period. Id. at 10. The Court nevertheless found dismissal of the entire petition more than likely would jeopardize petitioner's ability to pursue his exhausted claims because he would have only eight days following the resolution of his current state court proceedings to file a new, fully exhausted habeas petition. Id. Ultimately, the Court determined the

3

best approach would be to apply an anticipatory procedural bar to the unexhausted claims. Id. at 11. Thus, the Court advised petitioner it would deny the unexhausted claims as procedurally defaulted unless petitioner could demonstrate either "cause and prejudice" or that his circumstances warrant application of the "miscarriage of justice" exception. Id. at 11-12.

**III.**

In the instant motion, respondent asks the Court to reconsider its determination that it would be futile for petitioner to return to state court to exhaust the unexhausted claims asserted in Grounds 2, 5 and 6 and its application of an anticipatory procedural bar to those claims. Dkt. # 15 at 1, 3. Respondent offers four arguments in support of this request. The Court finds none is persuasive.

First, respondent argues exhaustion "may not be futile" because petitioner is currently seeking post-conviction relief. Id. Specifically, respondent states "[t]his Court recognized that [p]etitioner indicated that he is not only alleging ineffective assistance of appellate counsel but attempting to exhaust the claims [r]espondent identified as unexhausted." Dkt. # 15 at 3 (citing Dkt. # 13 at 4 n.2). This argument rests on a misreading of the Court's ruling. In the prior opinion and order, the Court recognized that petitioner is currently attempting to exhaust one claim in state court: a claim that appellate counsel was ineffective for failing to raise several issues on direct appeal. See Dkt. # 13 at 4 n.2 (stating petitioner's notice regarding his post-conviction application in state court "indicates the application alleges that appellate counsel was ineffective for failing to raise several claims on direct appeal, including those claims that respondent has identified as unexhausted"); see also id. at 10 (restating that petitioner indicates in his notice of state post-conviction filing "that he seeks post-conviction relief on claims of ineffective assistance of counsel rather than on the underlying, unexhausted claims he asserts in Grounds 2, 5 and 6"). The Court

4

found that it would be futile to attempt to exhaust the substantive claims raised in Grounds 2, 5 and 6 because the OCCA routinely applies a procedural bar to claims that could have been, but were not, raised on direct appeal. Dkt. # 13 at 9. Respondent appears to agree. See Dkt. # 15 at 3 (recognizing that "exhaustion may be futile for [p]etitioner's substantive claims"). The Court did not, however, determine that it would be futile to exhaust the ineffective-assistance-of-appellate-counsel claim that is currently before the state court. Because that claim is not raised as a separate claim in the habeas petition, the Court had no reason to consider whether that claim was, or could be, exhausted. Consequently, the fact that petitioner is attempting to exhaust a claim in state court that he has not raised in the habeas petition does not undermine the Court's determination that it would be futile to exhaust the claims he does raise in Grounds 2, 5 and 6.

Second, respondent contends the Court should give the OCCA "the opportunity to pass on [p]etitioner's claims" before applying an anticipatory procedural bar. Dkt. # 15 at 4-5. The Court agrees. However, as just discussed, the only claim pending in state court is petitioner's ineffective-assistance-of-appellate-counsel claim. See Petition-in-Error, James v. State, No. PC-2018-714, available at http://www.oscn.net/dockets, last visited August 28, 2018. The Court's determination that it would be futile to permit petitioner to return to state court to exhaust the claims asserted in Grounds 2, 5 and 6 does not deprive the OCCA of its "opportunity to pass on" the ineffective-assistance-of-appellate-counsel claim. Rather, the Court's determination recognizes that the OCCA likely would pass on the opportunity to consider petitioner's underlying substantive claims by finding those claims procedurally barred. Further, respondent's reliance on Brown v. Jones, No. 08-CV-648, 2009 WL 2392968 (N.D. Okla. July 31, 2009), to support her second argument is misplaced. Dkt. # 15 at 4-5. In that case, the habeas petitioner filed a petition asserting five

5

exhausted claims. Brown, 2009 WL 2392968, at *2. He later moved to add a sixth, unexhausted claim. Id. The court rejected petitioner's argument that it would be futile to return to state court to exhaust the new claim. Id. at 3. The court reasoned that, in some instances, the OCCA will review claims not raised for the first time on direct appeal, e.g., if the defendant seeking post-conviction relief can show "'sufficient reason' prevented the assertion of the error, or if the defendant bypassed direct appeal because of a procedural error of counsel." Id. Here, unlike the petitioner in Brown, petitioner does not seek to add a new, unexhausted claim to his habeas petition. Instead, he is seeking post-conviction relief in state court on an ineffective-assistance-of-appellate-counsel claim he did not raise in his habeas petition. Thus, the exhaustion, or lack thereof, as to the ineffective-assistance-of-appellate-counsel claim is not at issue in this habeas proceeding. Because this case differs from Brown, the court's finding in Brown that it would not be futile to exhaust does not give the Court cause to reverse its opposite finding in this case.

Third, respondent argues that even if the Court "remains constant on its holding that the underlying claims are subject to procedural default," the Court should dismiss the case and permit petitioner to return to state court to exhaust his ineffective-assistance-of-appellate-counsel claim. Dkt. # 15 at 5-6. In this argument, respondent appears to acknowledge that petitioner may be pursuing this claim in state court so he can assert counsel's ineffectiveness as cause for his procedural default of the habeas claims asserted in Grounds 2, 5 and 6. Id. And respondent correctly states that an ineffective-assistance-of-counsel claim must be properly exhausted in state court even if it will be asserted in a federal habeas case only as cause for the procedural default of other claims. Id. at 6. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000) (holding "that an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim

can itself be procedurally defaulted"). In Carpenter, a state prisoner sought federal habeas relief on two grounds: (1) the evidence supporting his plea and sentence was insufficient and (2) his appellate counsel was constitutionally ineffective in failing to raise that claim on direct appeal. Carpenter, 529 U.S. at 449. The United States District Court for the Southern District of Ohio found the first claim was procedurally defaulted and then considered whether the second claim could serve as cause to excuse the procedural default. Id. at 449-50. In doing so, the district court acknowledged that the state court dismissed petitioner's ineffective-assistance-of-counsel claim on procedural grounds. Id. at 450. But the district court found that it could address the merits of that claim de novo because the state procedural rule was inadequate to bar federal habeas review. Id. The district court found counsel constitutionally ineffective and conditionally granted a writ of habeas corpus subject to the state appellate court's reopening of the prisoner's direct appeal as to the sufficiency-of-the-evidence claim. Id. The United States Court of Appeals for the Sixth Circuit affirmed, holding that the prisoner's ineffective-assistance-of-counsel claim, even if procedurally defaulted, could serve as cause for the procedural default of his sufficiency-of-the-evidence claim. Id. The United States Supreme Court reversed. The Supreme Court reiterated that "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim and must therefore "be first raised in state court." Id. at 451-52. Further, as with other constitutional claims, to avoid state court procedural default of the ineffective-assistance-of-counsel claim, that claim must be "presented in the manner that state law requires." Id. at 453.

In simpler terms, before a habeas petitioner may assert an ineffective-assistance-of-counsel claim as cause for the procedural default of one or more constitutional claims, the petitioner must exhaust the ineffective-assistance-of-counsel claim by giving the state courts one full opportunity

7

to address that claim on the merits. Id. The Court agrees with respondent that if petitioner intends to rely on an ineffective-assistance-of-appellate-counsel claim to excuse the procedural default of his other claims, Carpenter "requires [him] to return to State court to exhaust" that claim. However, petitioner appears to have complied with that requirement. Unlike the petitioner in Carpenter, petitioner did not procedurally default an ineffective-assistance-of-appellate-counsel claim in state court, assert that claim as an independent habeas claim in his petition, and ask this Court to consider whether that claim might serve to excuse the procedural default of other claims alleged in his habeas petition. Rather, petitioner presented six claims in his habeas petition, all of which he believed he had exhausted through his direct appeal and none of which challenged appellate counsel's performance. Dkt. ## 1, 10. After respondent moved to dismiss certain claims as unexhausted, petitioner immediately returned to state court and sought post-conviction relief to exhaust what he recognized as his "only viable ground" for relief, namely, an ineffective-assistance-of-appellate-counsel claim. Dkt. ## 10, 12. Unless and until petitioner asserts, in this proceeding, that appellate counsel's ineffectiveness serves as cause to excuse his procedural default of the claims raised in his habeas petition, this Court has no reason to decide whether petitioner has either procedurally defaulted or properly exhausted his ineffective-assistance-of-appellate-counsel claim.[1] Because this

---

[1] If Petitioner intends to assert counsel's ineffectiveness as cause for the procedural default of his unexhausted claims, he must notify the Court as to the status of his state post-conviction appeal and provide this Court with a copy of all relevant state court orders.

8

case presents in a different procedural posture than Carpenter, the Court finds respondent's third argument unpersuasive.[2]

Fourth, and finally, respondent takes issue with what she describes as the Court's apparent concern "that [p]etitioner may have a limited time to file his exhausted habeas petition after he has exhausted State court remedies." Dkt. # 15 at 7. Respondent urges this Court to reconsider its decision not to dismiss the petition on exhaustion grounds because petitioner "chose to sit on his right to exhaust his State court remedies timely and has failed to assert any reason that he should be entitled to preferential treatment, treatment not extended to any other *pro se* [p]etitioner." Id. The Court finds this argument particularly unpersuasive. As previously stated, a district court is not required to dismiss a mixed petition; instead, the court has discretion to address unexhausted claims as a particular case requires. See Grant, 886 F.3d at 891-92; Wood, 833 F.3d at 1273. Grant expressly contemplates applying an anticipatory procedural bar to unexhausted claims, rather than dismissing the entire petition, "if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." 886 F.3d at 892 (quoting Smallwood, 191 F.3d at 1267). And Rhines expressly permits consideration of a "petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period" when

---

[2]   In addition, the Court finds respondent's concern that this Court and the OCCA will simultaneously address the merits of petitioner's ineffective-assistance-of-appellate counsel claim to be disingenuous. See Dkt. # 15 at 5 n.4. If respondent's concern were genuine, the Court would have expected respondent to support petitioner's request for a stay. Respondent opposed that request primarily because petitioner's one-year deadline had not yet expired when he sought the stay. Dkt. # 11 at 2. However, as discussed next, petitioner filed his application for post-conviction relief with only eight days remaining in his one-year limitation period. And the Court remains constant on its holding that this short time for filing a new habeas petition militates against dismissal even if petitioner failed to satisfy the additional requirements for obtaining a stay. See Dkt. # 13 at 10 (citing Rhines, 544 U.S. at 275).

9

determining whether to dismiss a mixed petition. 544 U.S. at 275. In light of Rhines and Grant, the Court rejects Respondent's contention that dismissal was either the only or the best treatment of petitioner's mixed petition.

**IV.**

Based on the foregoing, the Court shall deny respondent's motion to reconsider the denial of her motion to dismiss the petition as unexhausted (Dkt. # 15).

**V.**

Lastly, respondent seeks an additional 30 days to file a response to the petition. Dkt. # 18. Given the denial of respondent's motion to reconsider and respondent's representations in the motion for an extension of time, the Court finds good cause to grant respondent's request. See FED. R. CIV. P. 6(b)(1)(A). Respondent shall file a response to the exhausted claims in the petition on or before September 29, 2018. Petitioner may file a reply to the response within thirty (30) days from the date the response is filed.

**ACCORDINGLY, IT IS HEREBY ORDERED** that respondent's motion for reconsideration (Dkt. # 15) is **denied**. Respondent's motion for an extension of time (Dkt. # 18) is **granted**. Respondent shall file a response to the exhausted claims in the petition on or before **September 29, 2018.** Petitioner may file a reply to the response within thirty (30) days from the date the response is filed.

**DATED** this 29th day of August, 2018.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE