UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARVIN ALPHONSO JAMES, | ) |
| Petitioner, | ) |
| v. | ) Case No. 17-CV-0668-CVE-FHM |
| JANET DOWLING, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This matter is before the Court on the 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1), filed by petitioner Marvin Alphonso James, a former state inmate appearing pro se. For the reasons that follow, the Court concludes that the petition shall be dismissed without prejudice for failure to prosecute and failure to comply with local rules.

**I.**

Petitioner commenced this action on December 17, 2017, to challenge the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2014-6469. Dkt. # 1, at 1. When he filed the petition, he was incarcerated at the Dick Conner Correctional Center in Hominy, Oklahoma. Id. In response to the habeas petition, respondent filed a motion to dismiss (Dkt. # 7), citing petitioner's failure to exhaust available state remedies. Petitioner responded to the motion by filing a motion for leave to exhaust state remedies (Dkt. # 9). Both motions were fully briefed by February 14, 2018. Dkt. # 11. On March 13, 2018, petitioner filed a notice (Dkt. # 12) regarding the status of his state postconviction proceedings.

By opinion and order (Dkt. # 13) filed July 30, 2018, the Court denied respondent's motion to dismiss the habeas petition and denied petitioner's motion for leave to exhaust state remedies. The Court found that petitioner exhausted available state remedies as to three of the six claims asserted in the habeas petition, directed respondent to file a response addressing the merits of the exhausted claims within 30 days from the entry of the order, and directed petitioner to file a reply within 30 days of the date respondent filed the response. Dkt. # 13, at 5-8, 13. The Court found that petitioner failed to exhaust three of the six claims asserted in the habeas petition, further found that petitioner procedurally defaulted those claims, directed petitioner to file a response within 30 days from the entry of the order addressing whether he could make the showings necessary to overcome the procedural default, and directed respondent to file a reply within 30 days from the date petitioner filed the response. Id. at 8-13. The docket sheet reflects that this opinion and order was mailed to petitioner at the address on file at the time: Dick Conner Correctional Center, 129 Conner Road, Hominy, Oklahoma 74035. Dkt. # 13. The docket sheet does not reflect that this mail was returned as undeliverable.

On August 23, 2018, petitioner filed a notice of change of address (Dkt. # 16), reflecting that he had been moved from the David L. Moss Criminal Justice Center in Tulsa, Oklahoma, to the Prairieland Detention Center in Alvarado, Texas. That same day, respondent filed a motion (Dkt. # 15) asking this Court to reconsider its prior order denying respondent's motion to dismiss the petition. The next day, respondent filed a notice (Dkt. # 17) with the Court indicating that she mailed a copy of the motion to reconsider to petitioner's Texas address. On August 29, 2018, respondent moved for an extension of time to file a response to the petition. Dkt. # 18. That same day, the Court filed an opinion and order (Dkt. # 19) denying respondent's motion to reconsider and

granting respondent's motion for an extension of time. The Court directed respondent to file a response to the petition on or before September 29, 2018, and directed petitioner to file a reply brief within 30 days from the date respondent filed the response. Dkt. # 19, at 10. The docket sheet reflects that this opinion and order was mailed to petitioner at the address he provided to the Court on August 23, 2018: Prairieland Detention Center, 1209 Sunflower Lane, Alvarado, Texas 76009. Dkt. # 19. The docket sheet does not reflect that this mail was returned as undeliverable.

On September 25, 2018, respondent filed a "motion for judicial assistance and/or motion to stay a response to petition for writ of habeas corpus" (Dkt. # 20). In the motion, respondent stated that two pieces of mail she sent to petitioner's Texas address, on August 24, 2018, and August 29, 2018, had been returned to her as undeliverable. Dkt. # 20, at 1-2. In addition, respondent learned informally, and attempted to confirm with immigration officials, that petitioner had been deported to Jamaica on or about August 30, 2018. Id. By order (Dkt. # 21) filed September 28, 2018, the Court denied respondent's motion, directed respondent to file a response on or before November 12, 2018, and provided petitioner 30 days from the date the response was filed to file a reply brief. In the order, the Court acknowledged respondent's concerns regarding petitioner's apparent non-receipt of the filings in this action, but noted that petitioner appeared to be aware of his duty to keep the Court apprised of his current address. Dkt. # 21, at 1-2. The Court further noted that if petitioner failed to provide the Court with a current address, this action could be dismissed without prejudice for lack of prosecution. Id. at 1. The docket sheet reflects that this order was mailed to petitioner's last known address at the Prairieland Detention Center, Dkt. # 21, and that the mail was returned as undeliverable on October 12, 2018, Dkt. # 23.

3

On October 15, 2018, respondent filed a notice of deportation (Dkt. # 22) and submitted documents demonstrating that petitioner had, in fact, been removed from the United States on August 30, 2018. As directed by the Court, respondent filed a response to the habeas petition (Dkt. # 24) on November 9, 2018, and provided the state court records (Dkt. ## 24, 25) necessary for this Court to adjudicate petitioner's claims.

To date, petitioner has not filed a brief addressing whether he can overcome the procedural default of his three unexhausted claims, has not filed a reply to the response, has not provided the Court with a current address, and has not contacted the Court regarding the status of this case.

## II.

Respondent contends (1) that the petition should be dismissed for lack of prosecution based on petitioner's failure to update his address, (2) that the claim asserted in ground 4 of the petition, which challenges aspects of petitioner's sentence, should be dismissed as moot because petitioner completed his sentence and has now been deported, (3) that the claims asserted in grounds 1 and 3, which allege that certain trial errors deprived him of a fair trial, should be dismissed because the claims were mooted by petitioner's deportation, and (4) that the claims asserted in grounds 1 and 3, if not dismissed as moot, should be denied on the merits. Dkt. # 24, at 1-8, 13-26.

Because the Court agrees with respondent's first contention, it declines to consider the remaining three. As respondent notes, this Court's local rules require an attorney or pro se litigant to notify the Court of any address changes. LCvR 5.5(a). The record indicates that petitioner complied with this rule on at least one occasion. Petitioner updated his address on August 23, 2018, immediately before he was transferred from the David L. Moss Criminal Justice Center to the Prairieland Detention Center. Dkt. # 12. But the record also shows that petitioner failed to update

his address either when he was transferred from the Dick Conner Correctional Center to the David L. Moss Criminal Justice Center or, more critically, after he was removed from the United States. To date, petitioner has neither provided this Court with a current address nor contacted the Court to ascertain the status of his pending habeas petition. By all appearances, petitioner has abandoned his claims.

Under FED. R. CIV. P. 41(b), a district court may dismiss an action, either on a party's motion or sua sponte, if the plaintiff fails to prosecute the action, fails to comply with court orders, or fails to comply with federal rules of civil procedure or local court rules. See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002))); Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders" (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962))).

A district court may dismiss a case without prejudice, "without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E Agents, 492 F.3d 1158, 1162 (10th Cir. 2007). But before dismissing a case with prejudice, "the district court should ordinarily first consider certain criteria." AdvantEdge Bus. Grp., 552 F.3d at 1236. Here, the dismissal would be without prejudice, but it would nevertheless have the effect of a dismissal with prejudice because the applicable one-year limitation period for filing a federal habeas petition has now expired. See id. at 1236 ("This court has recognized that a dismissal without prejudice can have the practical effect of a dismissal

with prejudice if the statute of limitations has expired."); 28 U.S.C. § 2244(d)(1)(A) (establishing one-year limitation period for filing federal habeas petition, commencing on date petitioner's conviction becomes final either through the conclusion of direct review or the expiration of time for seeking direct review).  Thus, in determining whether it is appropriate to dismiss the habeas petition based on petitioner's failure to prosecute and failure to comply with local court rules, the Court will consider:

> (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

AdvantEdge Bus. Grp., 552 F.3d at 1236 n.2 (quoting Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135, 1143-44 (10th Cir. 2007)).

The first two factors weigh in favor of dismissal.  As discussed in this Court's September 28, 2018 order (Dkt. # 21), respondent expended considerable time and effort in obtaining information from immigration officials to notify the Court of petitioner's removal from the United States, in mailing documents to petitioner's Texas address only to have those returned as undeliverable, and in seeking guidance from this Court as to how to proceed in this case with no known address for petitioner.  See Dkt. ## 20, 24.  Relatedly, this Court issued orders directing further briefing in this case that petitioner either disregarded or never received because he failed to maintain a current address.  Thus, petitioner's failure to update his address has both prejudiced respondent and interfered with the judicial process.

The third factor also weighs in favor of dismissal.  The Court acknowledges that petitioner had no control over his transfers to Tulsa and Texas or his removal from the United States.  But he

is culpable for failing to keep the Court apprised of each of his address changes, failing to notify this Court of his deportation, and failing to either comply with briefing deadlines or seek extensions of those deadlines in light of his facility transfers. As previously stated, petitioner did notify the Court when he was transferred to Texas. Dkt. # 16. But it is reasonable to infer that when petitioner provided that notice he likely understood that his transfer to an immigration detention center in Texas, following the completion of his state court sentence, strongly indicated that his removal from the United States was imminent. Yet, there is not even a suggestion in his notice of change of address that he would be unable to timely submit a brief addressing his procedural default of three of the six claims asserted in his habeas petition. Dkt. # 16.

The final two factors also support dismissal. On July 30, 2018, the Court issued its order establishing certain deadlines for filing briefs and mailed that order to petitioner at the Dick Conner Correctional Center. Dkt. # 13. By local rule, that mailing is deemed delivered to petitioner because it was sent to his last known address, see LCvR 5.5(a), and nothing in the record indicates that mail was returned as undeliverable. Nearly one month passed when petitioner notified the Court, on August 23, 2018, that he had been transferred to Texas. Dkt. # 16. One week later, petitioner was removed from the United States. Dkt. # 22. Because petitioner provided the Court with little advance warning of his pending removal, the Court could not provide petitioner with advance warning that his noncompliance with local rules or his failure to prosecute this case might result in dismissal. Relatedly, because petitioner has not provided this Court with a current address, the Court finds that no lesser sanctions would be effective.

### III.

Based on the foregoing, the Court agrees with respondent that the petition for writ of habeas corpus should be dismissed without prejudice for failure to prosecute and failure to comply with local rules. Further, because the Court finds that reasonable jurists would not debate that petitioner's failure to prosecute and failure to comply with local rules by maintaining a current address supports dismissal, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for failure to prosecute and failure to comply with local rules.

2. A certificate of appealability is **denied**.

3. A separate judgment shall be issued in this matter.

**DATED** this 24th day of April, 2020.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE